O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6883 AHM<br>USBC Central District of CA at San Fernando Valley, SV08-16222 KT | Date | June 8, 2010 |
|---|---|---|---|

| Title | IN RE ALAN JAY BARON |
|---|---|

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | | Not Reported | |
| Deputy Clerk | | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | | Attorneys **NOT** Present for Defendants: | |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

Appellant U.S. Bank National Association, as Trustee for the Benefit of Harborview 2005-16 Trust Fund ("U.S. Bank" or "Appellant"), appeals the Bankruptcy Court's July 2, 2009 Default Judgment Quieting Title to 29711 Harvester Road, Malibu, California (the "Property") in Appellee Alan Jay Baron ("Baron" or "Appellee"). The appeal arises in an adversary proceeding filed by Baron, a debtor in a chapter 13 case, against U.S. Bank, ReconTrust, and Mortgage Electronic Registration System ("MERS"), challenging the foreclosure sale on the Property as procedurally improper.

Appellant seeks to overturn the Default Judgment on the grounds that service of the summons and Complaint in the adversary proceeding was defective, and that even if service was proper, U.S. Bank submitted sufficient evidence to rebut the presumption that it was received. Appellant further argues that even if the Default Judgment is not reversed on these grounds, this Court should remand the action to the Bankruptcy Court to clarify the status of the deed.

For the following reasons, the Court AFFIRMS the Bankruptcy Court's finding that service was proper, but REVERSES the Court's finding that U.S. Bank received service of the summons and Complaint. Accordingly, the Court ORDERS that the Default Judgment be vacated and REMANDS the case to the Bankruptcy Court for further proceedings.

/ / /

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-6883 AHM<br>USBC Central District of CA at San Fernando Valley, SV08-16222 KT | Date | June 8, 2010 |
|---|---|---|---|
| Title | IN RE ALAN JAY BARON | | |

## I.     FACTS

The facts presented on appeal are undisputed.

### A.     Mortgage and Foreclosure Sale Giving Rise to Bankruptcy Proceedings

With respect to the underlying foreclosure sale out of which these proceedings arise, Baron alleged the following:[1]

On October 27, 2005, he executed a promissory note (the "Note") in favor of Countrywide Home Loans, Inc. ("Countrywide") in the principal amount of $1,910,000. (App. 005)[2]  At the same time, Baron executed a Deed of Trust on the Property that he owned to secure the Note.  Countrywide assigned its beneficial interest in the Note and Deed of Trust to U.S. Bank.  (*Id.*)

On February 28, 2007, ReconTrust, in its capacity as foreclosure trustee under the Deed of Trust, recorded a notice of default.  (*Id.*)  ReconTrust subsequently recorded a notice of trustee's sale and on April 4, 2008 conducted a non-judicial foreclosure sale of the Property.  (*Id.*)  At the sale, U.S. Bank purchased the property for $2,040,000.  On April 16, 2008, MERS (the beneficiary of the Deed of Trust) recorded a Corporation Assignment and Deed of Trust, purporting to transfer its beneficial interest under the Deed of Trust to U.S. Bank.  The same day, ReconTrust recorded a trustee's deed transferring title to the Property to U.S. Bank.  (*Id.* at 005-006.)

### B.     Baron's Chapter 13 Petition and the Related Adversary Proceedings

---

[1] Because the issues on appeal are procedural in nature, there is not a traditional factual record in this appeal.  Therefore, the Court summarizes the facts of the underlying lender-borrow relationship between the parties based on the allegations in the Complaint, as the parties have done in their briefs.

[2] The abbreviation "App." refers to the Appendix to Appellant's Brief.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6883 AHM<br>USBC Central District of CA at San Fernando Valley,<br>SV08-16222 KT | Date | June 8, 2010 |
|---|---|---|---|
| Title | IN RE ALAN JAY BARON | | |

On May 15, 2008, U.S. Bank filed a complaint in state court for unlawful detainer against Baron (the "unlawful detainer action").

On August 22, 2008 Baron filed a voluntary chapter 13 petition, and on November 12, 2008, Baron removed the unlawful detainer action to Bankruptcy Court for the Central District of California as a related proceeding in the chapter 13 action. *U.S. Bank v. Alan Baron.*, Adv. Proc. No. 1:08-ap-01591-KT.

Also on November 12, 2008, Baron filed the adversary proceedings currently on appeal. The proceedings, captioned *Alan Baron v. U.S. Bank*, Adv. Proc. No. 1:08-ap-01590-KT, were initiated against U.S. Bank, ReconTrust, and MERS in Bankruptcy Court for the Central District of California. In the complaint in the adversary proceedings ("AP Complaint"), Baron alleged that at the time of recording the notice of default, notice of sale, and foreclosure sale, U.S. Bank—not Countrywide or MERS—was the beneficial owner of any interest in the Note or Deed of Trust. (App. 006.) Baron alleged that the foreclosure sale violated Cal. Civ. Code § 2932.5, which provides that the power of sale "may be exercised by an assignee if the assignment is duly acknowledged and recorded," because neither Countrywide nor MERS held a power of sale at the time that ReconTrust recorded the notices of default and sale and conducted the foreclosure sale. (App. 007 [AP Compl. ¶ 21]) Baron further alleged that the defendants executed and recorded the assignment to U.S. Bank after the foreclosure sale "as a sham attempt to feign compliance with California law." (*Id.* [AP Compl. ¶ 22].) Baron sought, among other things, (1) a declaratory judgment that the notice of default, notice of trustee's sale, and foreclosure sale were invalid and that the trustee's deed conveying the Property to U.S. Bank was void; (2) judgment quieting title to the Property in Baron; and (3) compensatory and punitive damages arising out of the wrongful foreclosure. (*Id.* 006-009.)

**C.    Service of Summons and AP Complaint**

Baron attempted to serve the summons and AP Complaint on U.S. Bank by two methods. First, Baron sent them to U.S. Bank "c/o US Bancorp" by certified mail addressed to CT Corporation System. (App. 063.) CT Corporation System acts as an agent for service of process for US Bancorp but not as an agent for service of process for

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6883 AHM<br>USBC Central District of CA at San Fernando Valley, SV08-16222 KT | Date | June 8, 2010 |
|---|---|---|---|
| Title | IN RE ALAN JAY BARON | | |

U.S. Bank.  (*Id*. 221.)

Baron also sent a copy of the summons and AP Complaint to Mark Domeyer and Keenan McClenahan at the law firm Miles, Bauer, Bergstrom & Winters, LLP ("Miles Bauer") by regular mail.  (*Id*. 062.)  Mr. Domeyer previously appeared for U.S. Bank in Baron's chapter 13 case.[3]  Baron's proof of service did not mention the capacity in which he intended Domeyer and McClenahan to receive service.

## D. Default Proceedings in Bankruptcy Court

On December 18, 2008, Baron requested an entry of default against U.S. Bank, ReconTrust, and MERS.  *See* Adv. Proc. No. 1:08-ap-01590-KT, Dkt. No. 6.  On February 4, 2009, Baron filed a motion for entry of default judgment against U.S. Bank. *Id*., Dkt. No. 8.  On February 20, 2009, U.S. Bank opposed the motion for entry of default judgment.  *Id*., Dkt. No. 11; (App. 96-278).  On February 26, 2009, Defendants moved to set aside the clerk's default.

In opposing the default, U.S. Bank argued that it did not learn about the clerk's default until January 6, 2009, when a Miles Bauer attorney (Tami S. Crosby) who was representing U.S. Bank in the unlawful detainer action saw a reference to it in documents filed in the unlawful detainer action.  (App. 205 [Crosby Decl. in Support of Defendants' Opposition to Motion for Entry of Default Judgment].)  U.S. Bank also submitted affidavits from Miles Bauer attorneys stating that neither the addressees nor any other attorney or staff member associated with Miles Bauer received the summons and AP Complaint in the proceeding.

On April 16, 2009, the Bankruptcy Court held a hearing on the motion for default judgment, and granted Baron's motion from the bench.  (App. 328-331.)  The judgment

---

[3] According to U.S. Bank, McClenahan never appeared in the chapter 13 proceedings, and Baron does not suggest otherwise.  The inclusion of McClenahan's name on the mailed service to Miles Bauer was not explained on the record before the bankruptcy court. (Appellant's Br. at 9 fn. 2.)

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6883 AHM<br>USBC Central District of CA at San Fernando Valley,<br>SV08-16222 KT | Date | June 8, 2010 |
|---|---|---|---|
| Title | IN RE ALAN JAY BARON | | |

entered by the Bankruptcy Court declared the April 16, 2008 trustee's deed upon sale void, and quieted title to the Property in Baron. (*Id*. at 329.) The judgment also declared that Baron was the prevailing party on the first, second, and third causes of action (for declaratory relief, quiet title, and wrongful foreclosure) in the AP Complaint.

**II.    ISSUES ON APPEAL**

The issues presented in this appeal, as stated by the parties, are as follows:

1. May a plaintiff in an adversary proceeding effect service of process on an insured depository institution by mailing a copy of the summons and complaint to an attorney that has appeared for the institution in the underlying bankruptcy case? The short answer is "yes."

2. Did U.S. Bank rebut the presumption of receipt of service by mail by presenting affidavits stating that neither the addressees nor any other attorney or staff member associated with its law firm received the summons and complaint in the adversary proceeding? The short answer is "yes."

3. Did the Bankruptcy Court properly adjudicate Baron's request for a declaratory judgment by entering an ambiguous default judgment that failed to specify the status of a deed of trust on the property located at 29711 Harvester Road, Malibu, California (the "Property")?

4. To the extent the Bankruptcy Court intended to decree that title to the Property was quieted in Baron free and clear of the deed of trust at issue in this case, was that remedy permissible on the claims alleged by Baron?

Appellant's Br. at 1; Appellee's Reply at 2.[4]

---

[4] Appellee Baron states that he is satisfied with Appellant U.S. Bank's statement of these issues, subject to his objection that issues 3 and 4 were raised for the first time on appeal and therefore it is improper for this Court to consider them. Because the Court

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6883 AHM<br>USBC Central District of CA at San Fernando Valley,<br>SV08-16222 KT | Date | June 8, 2010 |
|---|---|---|---|
| Title | IN RE ALAN JAY BARON | | |

### III. LEGAL STANDARDS

In an appeal from a judgment of a bankruptcy court, a district court reviews conclusions of law *de novo* and findings of fact for clear error. Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy (15th ed., rev. 2009) ¶ 512 (hereinafter "Collier"); *In re Anastas*, 94 F.3d 1280, 1283 (9th Cir. 1996). As this appeal raises numerous questions, some of fact and some of law, the Court will note the appropriate standard of review as it addresses each issue.

### IV. DISCUSSION

#### A. Service of Process on U.S. Bank's Attorney who had Appeared in the Bankruptcy Case Was Proper.

The first issue on appeal is whether service of the summons and Complaint on U.S. Bank in the adversary proceeding initiated by Baron was properly effectuated. This question is purely legal, and thus reviewed *de novo*.

The Federal Bankruptcy Rules of Procedure specify how service of process may be effectuated on various types of individuals or entities. *See* Fed. R. Bankr. P. 7004(a)-(c), (g). Special rules apply to service of process on an insured depository institution. The parties do not dispute that U.S. Bank is an insured depository institution, and thus must be served in accordance with Fed. R. Bankr. P. 7004(h), which provides:

> Service on an insured depository institution (as defined in section 3 of the Federal Deposit Insurance Act) in a contested matter or adversary proceeding shall be made by certified mail addressed to an officer of the institution unless--
>
> (1) *the institution has appeared by its attorney, in which case the attorney*

---

finds that service was never effectuated on U.S. Bank, the Court does not address issues 3 or 4.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6883 AHM<br>USBC Central District of CA at San Fernando Valley,<br>SV08-16222 KT | Date | June 8, 2010 |
|---|---|---|---|
| Title | IN RE ALAN JAY BARON | | |

      *shall be served by first class mail;*

  (2)  the court orders otherwise after service upon the institution by certified mail of notice of an application to permit service on the institution by first class mail sent to an officer of the institution designated by the institution; or

  (3)  the institution has waived in writing its entitlement to service by certified mail by designating an officer to receive service.

(emphasis added).

  The parties dispute (and thus the central issue on appeal is) whether an attorney has "appeared" in an adversary proceeding for purposes of Rule 7004(h)(1) when the attorney has only made an appearance in the underlying bankruptcy action, and not in the adversary proceeding itself.[5] As explained above, the attorney Baron served by first class mail (Domeyer) had made an appearance in the underlying bankruptcy dispute, but not in the adversary proceeding. The Court finds that service on Domeyer was proper because an attorney who appears in a bankruptcy case—and not just the "contested matter" or "adversary proceedings"—has "appeared" for purposes of Rule 7004(h)(1).

  Rule 7004(h)(1) does not specify whether the phrase "has appeared" refers to an appearance in the particular adversary proceeding or contested matter for which service is being made, or whether it refers to an appearance in the underlying bankruptcy case itself. Nowhere in the Rules is the term "appeared" (or any variation thereof) defined. "When statutory language proves unclear, [the court must] work to discern its meaning by looking to 'the broader context of the statute as a whole' and the purpose of the statute." *Cosmetic Ideas v. IAC/InteractiveCorp.*, --- F.3d ----, 2010 WL 2039170 * 5 (9th Cir. May 25, 2010) (citation omitted). An overview of bankruptcy proceedings will

---

  [5] Baron does not argue that he served an officer of U.S. Bank by certified mail, nor has he claimed during the course of this adversary proceeding that paragraphs (2) or (3) of Rule 7004(h) apply.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6883 AHM<br>USBC Central District of CA at San Fernando Valley,<br>SV08-16222 KT | Date | June 8, 2010 |
|---|---|---|---|
| Title | IN RE ALAN JAY BARON | | |

aid in discerning the purpose of the "appearance" requirement within the broader context of the statute.

     A bankruptcy action or "case" refers to a civil action brought under Title 11 concerning a particular debtor.  *See* Collier ¶ 101[2][b].  A bankruptcy case starts with the filing of either a "voluntary" or "involuntary" bankruptcy petition in federal bankruptcy court.  A voluntary petition is filed by the debtor alone.  *See* 11 U.S.C. § 301.  An involuntary petition is filed by creditors, and must include allegations that would entitle the creditor to relief (*i.e.*, that the debtor is not paying his or her debts as they become due).  *See* 11 U.S.C. § 303.  The debtor may answer and dispute the petition, in which case the bankruptcy court will hold a hearing.  *Id.*; Collier ¶ 104[2].

     "Contested matters" and "adversary proceedings" are matters that arise within a bankruptcy case.  *Id.*  "Broadly speaking, disputes that arise in bankruptcy cases can be divided into the following categories: (1) adversary proceedings, governed by Part VII of the Rules [of Bankruptcy Procedure]; (2) administrative matters, in which there is no adversary party (for example, an unopposed motion by a trustee to sell property of the estates); and (3) contested matters, which do not qualify as adversary proceedings because they are not included in the Rule 7001 list [of adversary proceedings]."  Collier ¶ 9014.  "Contested matters resemble adversary proceedings in that there are (at least) two parties who are opposing each other with respect to relief sought by one of them."  *Id.*

     In its briefs, U.S. Bank discusses at great length the differences between "adversary proceedings" and bankruptcy cases.  However, Rule 7004 also applies to "contested matters," which do not always arise within the context of an adversary proceeding.  Rule 9014, which addresses procedures for "contested matters," states that "[i]n a contested matter . . . relief shall be requested by motion," and "[t]he motion shall be served in the manner provided for service of a summons and complaint by Rule 7004."  Fed. R. Bankr. P. 9014(a)-(b).  Given that an institution cannot have "appeared" in a contested matter prior to a motion being made (since the motion initiates the contested matter), it follows that the "appearance" element of Rule 7004(h)(1) refers to or at least encompasses an appearance in the underlying bankruptcy case.  U.S. Bank, in its Reply Brief, acknowledges this result: "[A] Party that wishes to bind an insured depository institution to the disposition of a motion in an [sic] bankruptcy case generally must serve

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6883 AHM<br>USBC Central District of CA at San Fernando Valley,<br>SV08-16222 KT | Date | June 8, 2010 |
|---|---|---|---|
| Title | IN RE ALAN JAY BARON | | |

the institution by certified mail, but if an attorney for the institution has appeared in the case, service by first-class mail on the attorney is permissible." (Appellant's Reply Br. at 4.)

Thus, the interpretation of Rule 7004(h)(1) that makes the most sense within the broader context of the Bankruptcy Code and Rules of Procedure is that the "appearance" element refers to the entire bankruptcy case. As Baron points out, if service of process in an adversary proceeding or contested matter may only be made on an attorney who has previously appeared in the particular adversary proceeding or contested matter, parties will rarely be able to utilize Rule 7004(h)(1). This is because, with somewhat rare exception,[6] an institution's lawyer will have no occasion to appear in a given adversary proceeding or contested matter before process is served.

Accordingly, because Domeyer had appeared for U.S. Bank in Baron's chapter 13 bankruptcy case at the time Baron mailed the summons and Complaint to Domeyer and McClenahan, service on Domeyer was proper. (App. 074.)

**B.    U.S. Bank Proffered Evidence that Rebutted the Presumption of Receipt of Service by Mail**.

U.S. Bank argues that the Bankruptcy Court erred in finding that Domeyer and McClenahan actually received the summons and complaint.[7] "Findings of fact regarding receipt of notice are reviewed for clear error." *In re Williams*, *supra*, 185 B.R. 598, 599 (9th Cir. B.A.P. 1995) (citing Fed. R. Bankr. P. 8013).

---

[6] As U.S. Bank points out, such exceptions would be "to oppose a temporary restraining order or other emergency relief, to file a motion for leave to intervene, to oppose a motion for leave to amend a complaint to add the institution as a party, to offer the views of the institution as amicus curiae, or even to obtain copies of papers without paying PACER fees."

[7] For the reasons explained in Part IV.A above, service on only Domeyer could have been properly made, because only Domeyer had appeared in the bankruptcy case.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6883 AHM<br>USBC Central District of CA at San Fernando Valley,<br>SV08-16222 KT | Date | June 8, 2010 |
|---|---|---|---|
| Title | IN RE ALAN JAY BARON | | |

      As evidence of proper service, Baron presented the proof of service of the mailing of the summons and Complaint. "Proof of mailing creates a rebuttable presumption of its receipt." *In re Williams*, 185 B.R. at 599. "The law in this circuit is that denial of receipt does not rebut the presumption." *Id.* at 600. *See also In re Ricketts*, 80 B.R. 495, 497 (9th Cir. B.A. P. 1987) ("If a party were permitted to defeat the presumption of receipt of notice resulting from the certificate of mailing by a simple affidavit to the contrary, the scheme of deadlines and bar dates under the Bankruptcy Code would come unraveled. For this reason, an allegation that no notice was received does not, by itself, rebut the presumption of proper notice."). "In order to rebut this presumption, something more than a mere declaration of a creditor alleging non-receipt is required." *In re De la Cruz*, 176 B.R. 19, 22 (9th Cir. B.A.P. 1994).

      U.S. Bank argues that in opposing the default, it submitted sufficient evidence to rebut the presumption of receipt. The evidence U.S. Bank submitted consisted of (1) affidavits from Miles Bauer attorneys Crosby, Domeyer, and McClenahan stating under penalty of perjury that they never received the summons and Complaint, and (2) Crosby's testimony describing the procedure for processing mail at Miles Bauer and the steps she took to confirm that nobody at Miles Bauer had received the summons and Complaint. (App. 268-275.) With respect to the latter evidence, Crosby testified that (a) she spoke with "every attorney and staff member employed within this firm's Unlawful Detainer department and no one has seen copies" of the summons; (b) that records of the firm's outside mail delivery service showed no certified mail for Miles Bauer had been received during the two week period after the date of Baron's summons; and (c) that Miles Bauer's own log book that it maintains for logging received mail contained no entries showing deliveries having been received from Baron's counsel. (App. 204-211.)

      This showing is plenty sufficient to rebut the presumption of receipt. It constitutes far more than a mere statement of non-receipt. Three attorneys submitted sworn affidavits. One of them (Crosby) canvassed and accounted for "every [potentially percipient] attorney and staff member . . ." And U.S. Bank went beyond that; it proffered evidence from the Miles Bauer law firm's *outside* mail delivery service, which confirmed non-receipt of the certified letter. These facts go way beyond what the appellant proffered unsuccessfully in the case Plaintiff relies on most heavily (*In re Williams*, *supra*, 185 B.R. 598, 599 (9th Cir. B.A.P. 1995)). There, the challenged notice was

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6883 AHM<br>USBC Central District of CA at San Fernando Valley,<br>SV08-16222 KT | Date | June 8, 2010 |
|---|---|---|---|
| Title | IN RE ALAN JAY BARON | | |

mailed by a court employee (not by the debtor himself). The appellant did not proffer any declaration stating that all potentially percipient employees—an "unidentified receptionist or secretaries"—had been contacted. Indeed, the main declarant merely stated that she "had no recollection" of receiving the notice. Given this weak showing, it is not surprising that the court found that "no evidence directly contradict[ed] the presumption that the notice did reach the office." *Id*. at 600.[8] In contrast to *Williams*, U.S. Bank submitted evidence that accounted for everyone at Miles Bauer, and that showed that nobody had seen the summons and Complaint. Moreover, unlike in *Williams*, the bank corroborated its declarations with evidence from or about non-firm employees.

Accordingly, the Bankruptcy Court erred in finding that U.S. Bank was properly served.

## V. CONCLUSION

For the reasons stated above, the Court AFFIRMS the Bankruptcy Court's finding that service was proper, and REVERSES its finding that U.S. Bank received service of the summons and AP Complaint. The Court REMANDS the case to the Bankruptcy Court for further proceedings consistent with this opinion.

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

:

Initials of Preparer     SMO

**JS-6**

cc: **Bankruptcy Court**

---

[8] The *Williams* court did not even reach the issue of "whether a declaration of non-receipt coupled with evidence of business practices for tracking receipt of mail can or should rebut the presumption." *Id*. at 600.